NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHERONE LONG,

    Plaintiff,

    v.

ERNEST HOWARD,

    Defendant.

No. 26cv3911 (EP) (JRA)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

*Pro se* Plaintiff Sherone Long brings this action against Defendant Ernest Howard stemming from an altercation between the two. D.E. 1 ("Complaint"). Plaintiff alleges Defendant falsely reported to 911 that Plaintiff assaulted him, which ultimately led to Plaintiff being charged with aggravated assault. *Id.* at 1. According to Plaintiff, however, it was actually Defendant who assaulted Plaintiff first, and Plaintiff was only acting in self-defense. *Id.* In this action, Plaintiff seeks to recover damages stemming from the allegedly false report. *Id.* at 2.

Plaintiff has also filed an application to proceed *in forma pauperis* ("IFP"). D.E. 1-1 ("IFP Application"). Although courts typically address a plaintiff's IFP application before considering the merits of a plaintiff's case, this Court will proceed differently because it appears this Court lacks subject matter jurisdiction to hear this case. For the reasons explained below, the Court will **DISMISS** the Complaint *without prejudice*.

## I.    BACKGROUND[1]

The Complaint arises from an August 13, 2024, altercation between Plaintiff and Defendant at 217 Sumner Avenue in Plainfield, New Jersey.[2]

According to Plaintiff, Defendant called 911 and falsely claimed that Plaintiff assaulted him.  After calling 911, Defendant went to his garage, retrieved a metal shovel, and then struck Plaintiff with the shovel.  Plaintiff allegedly disarmed Defendant in self-defense before police arrived, at which point, Plaintiff was arrested for aggravated assault. Plaintiff was detained overnight, appeared in the resulting state-court proceedings, and eventually, the aggravated assault charge was dismissed.

Construing the Complaint liberally, Plaintiff asserts several state-law tort claims, including assault and battery, false reporting or false accusation, malicious prosecution, defamation or reputational harm, negligence, intentional infliction of emotional distress, and related damages for lost wages, public embarrassment, emotional distress, and punitive damages.

## II.    ANALYSIS

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of h[er] suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  To establish such need, a litigant must

---

[1] The facts in this section derive from the Complaint.  "The Court accepts the factual allegations of the complaint as true for screening purposes."  *Vaughn v. Taylor*, No. 21-15045, 2022 WL 3444004, at *1 (D.N.J. Aug. 16, 2022) (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

[2] The Complaint does not expressly allege Defendant's residence.  But Plaintiff alleges that the altercation occurred at 217 Sumner Avenue and that Defendant went to "his garage" during the incident.  Compl. at 1.  In addition, Plaintiff separately asks the Clerk of Court to mail a letter to Defendant at the same address.  D.E. 1-3.

file in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *See Owens v. Jeneby*, No. 24-11222, 2025 WL 1393205, at *1 (D.N.J. May 14, 2025).

When granting a plaintiff IFP status, courts must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under Section 1915(e)(2)(B)).

Typically, courts determine whether a plaintiff can proceed IFP before screening the operative pleading. However, this Court "has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019); *accord Folk v. Santiago*, No. 23-21202, 2025 WL 1823089, at *3 (D.N.J. July 2, 2025) (screening complaint despite denial of the plaintiff's IFP application). Here, the Court will exercise that discretion in light of its apparent lack of subject matter jurisdiction to hear Plaintiff's claims.

"Federal courts are courts of limited jurisdiction and have an obligation to establish subject matter jurisdiction, even if they must decide the issue *sua sponte*." *Ibrahim v. Wells Fargo Bank, N.A.*, No. 19-13601, 2020 WL 4251477, at *1 (D.N.J. July 24, 2020) (citing *Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995)). As explained in *Ibrahim*:

3

> Subject matter jurisdiction exists in federal courts on the basis of either (1) diversity of citizenship under 28 U.S.C. § 1332 or (2) federal question jurisdiction under 28 U.S.C. § 1331.  Diversity of citizenship requires "complete diversity" of all the parties, meaning that "in cases with multiple plaintiffs or multiple defendants, no plaintiff [can] be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Allapattah Svcs. Inc.*, 545 U.S. 546, 553 (2005)). The essential inquiry in determining complete diversity is ascertaining the citizenship of each party to the action. *Id. . . .*  In addition to complete diversity, 28 U.S.C. 1332 also requires that the amount in controversy for the matter exceed the sum or value of $75,000.  *Id.*; 28 U.S.C. § 1332.

2020 WL 4251477, at *2.

The Complaint asserts only state-law tort claims.  Because it neither pleads a federal cause of action nor turns on a substantial question of federal law, there is no federal question jurisdiction.[3] Therefore, for this Court to have subject matter jurisdiction over this action, there must be complete diversity between the parties.  As shown below, there is not.

A person is deemed to be a citizen of the state where he is domiciled.  *Zambelli Fireworks Mfg.*, 592 F.3d at 419 (citing *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008)). The Complaint and attachments thereto identify New Jersey addresses for both parties.  *See supra* n.2 (noting Defendant's Plainfield residence); D.E. 1-4 (Plaintiff listing his return address to a residence in Spotswood, New Jersey).  Plaintiff has not alleged facts establishing that the parties are citizens of different states, and the materials before the Court suggest they are not. Accordingly, the Court cannot exercise diversity jurisdiction under 28 U.S.C. § 1332(a).

"If a court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action because subject matter jurisdiction 'calls into question the very legitimacy of a court's

---

[3] A court has federal question jurisdiction when a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983).

adjudicatory authority.'" *Ibrahim*, 2020 WL 4251477, at \*1 (citing *Council Tree Commc'ns., Inc. v. FCC*, 503 F.3d 284, 292 (3d Cir. 2007)).  Accordingly, the Court will **DISMISS** the Complaint *without prejudice*.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS**, on this **1ˢᵗ** day of July, 2026,

**ORDERED** that the Clerk of Court shall file the Complaint, D.E. 1, but summons shall not issue; and it is further

**ORDERED** that the Complaint is **DISMISSED** *without prejudice* for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Order to Plaintiff by regular mail.

_____
Evelyn Padin, U.S.D.J.

5